

1700 G Street NW, Washington, D.C. 20552

October 27, 2022

**<u>Via CM/ECF</u>**

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

 Re: *CFPB v. Law Offices of Crystal Moroney, P.C.*, No. 20-3471

Dear Ms. Wolfe:

 This letter answers Respondent's notice concerning *CFSA v. CFPB*, 2022 WL 11054082 (5th Cir. Oct. 19, 2022).

 *CFSA* confirms that under *Collins v. Yellen*, 141 S. Ct. 1761 (2021), Respondent cannot obtain dismissal based on the inoperative removal provision in the Bureau's statute. *CFSA*, at *8-10 (rejecting Respondent's argument); *see also* ECF No. 80-1; ECF No. 131.

 *CFSA*'s treatment of the Appropriations Clause was, however, mistaken. While the Supreme Court has interpreted the Clause to mean that "the payment of money from the Treasury must be authorized by a statute," *OPM v. Richmond*, 496 U.S. 414, 424 (1990); *see also* ECF No. 73 at 12-13, the panel disagreed. It said that, actually, the Clause requires something more than a statute authorizing the Executive to spend money. *CFSA*, at *16. The panel didn't say what those "requirements" are, only that the Bureau fell short. *Id.* at *14-15.

 None of the panel's objections persuades. For example, the panel viewed (at *14-15) the Bureau's funding as "double-insulated" because it is (1) not set

consumerfinance.gov

through annual spending bills and (2) "drawn from a source that is itself outside the appropriations process"—the Federal Reserve System (of which the Bureau is a part, 12 U.S.C. § 5491(a)). But Congress has long funded the Federal Reserve *Board* in the same way. 38 Stat. 251, 261 (1913). That choice does not affect Congress's ability to oversee, or circumscribe, agencies' spending. ECF No. 73 at 22-23. To the extent the panel relied (at *15 n.14) on the fact that the Bureau's funding is not time-limited, it erred: The Constitution imposes no such requirement for non-Army appropriations. ECF No. 73 at 17-18; ECF No. 129; *see also Cincinnati Soap*, 301 U.S. 308, 321 (1937) (upholding non-time-limited appropriation).

      As to remedy, the panel failed to heed its own understanding of *Collins*. *See CFSA*, at *17-18. It didn't consider whether "the Bureau would have acted differently" "but for" its funding mechanism. *Id.* at *10. Under that test, this case should not be dismissed because there is no evidence the Bureau "would have acted differently" with a different method of funding.

      Respectfully submitted,

      */s/ Kevin E. Friedl*
      Kevin E. Friedl
        *Senior Counsel*
      Consumer Financial Protection Bureau
      1700 G Street NW
      Washington, DC 20552
      (202) 435-9268
      kevin.friedl@cfpb.gov

cc: Counsel of Record