# 20-3471

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Consumer Financial Protection Bureau,

*Petitioner-Appellee*,

v.

Law Offices of Crystal Moroney, P.C.,

*Respondent-Appellant.*

On Appeal From the United States District Court
For the Southern District of New York

**APPELLEE CONSUMER FINANCIAL PROTECTION BUREAU'S
RESPONSE IN OPPOSITION TO MOTION TO STAY THE MANDATE**

Seth Frotman
  *General Counsel*
Steven Y. Bressler
  *Deputy General Counsel*
Kristin Bateman
  *Assistant General Counsel*
Kevin E. Friedl
  *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
(202) 435-9268
kevin.friedl@cfpb.gov

Respondent Law Offices of Crystal Moroney, P.C. cannot meet its burden to show that staying issuance of the mandate is warranted here, particularly given that issuing the mandate in the ordinary course will have no effect on Respondent.

1.  After the district court granted the Bureau's petition to enforce the civil investigative demand (CID) at issue in this case, and ordered Respondent to comply by providing the information sought in the CID about Respondent's debt-collection business, Respondent sought a stay of that order pending appeal. The district court denied that motion. JA169-186. Respondent renewed its request in this Court. After a hearing, a unanimous panel of this Court denied the motion, concluding that "[Respondent] has not met the requirements for a stay." Order of Mar. 11, 2021, ECF No. 66. Respondent then complied with the CID, and this appeal proceeded to the merits.

2.  A party seeking to stay issuance of the mandate pending the filing of a petition for certiorari "must show that the petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). "A stay is not a matter of right, even if irreparable injury might otherwise result." *United States v. Silver*, 954 F.3d 455, 457 (2d Cir. 2020) (quoting *Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (per curiam)). "[T]he party requesting a stay bears the burden of showing that the circumstances justify an

1

exercise of that discretion." *Ind. State Police Pension Tr.*, 556 U.S. at 961 (quotation marks omitted).

3. Respondent says it has met its burden to show "good cause" to withhold the mandate because "CFPB has not provided Moroney the requested assurance that the documents produced to date fully satisfy Moroney's obligations under the CID." Mot. at 5. It is unclear what Respondent means by "requested assurance," and the Bureau is unaware that Respondent has made any such request. In any event, Respondent made productions in response to the CID after this Court denied it a stay pending appeal and need not produce any more information in response to the CID. That is true regardless of whether the mandate issues.

More to the point, even if Respondent *did* have any remaining production obligations under the CID, withholding the mandate would have no effect on those obligations. They would flow from the district court's order, which the Court previously declined to stay. Those obligations would continue regardless of whether the mandate issues or is stayed. Nor will issuance of the mandate interfere with Respondent's ability to pursue its expected petition for a writ of certiorari. *See, e.g.*, Stephen M. Shapiro et al., *Supreme Court Practice* § 17.3, at 17-8 (11th ed. 2010) ("[T]he issuance of the lower court's mandate does not destroy the power of the Supreme Court to review the lower court's judgment."). Respondent's

2

motion thus requests "relief" that will not benefit Respondent if granted and will not harm it if denied.

4. Respondent also has not met its burden to establish that its petition "would present a substantial question," Fed. R. App. P. 41(d)(1). To do so, Respondent must show a sufficient likelihood not just that the Supreme Court will grant certiorari but "that five justices will vote to reverse the Panel's judgment." *Silver*, 954 F.3d at 457.

Respondent does not identify any error in this Court's unanimous decision (or in the many decisions of other courts that, with the exception of the Fifth Circuit, have uniformly rejected similar challenges to the Bureau's funding) that would suggest the Supreme Court is likely to "reverse th[is] Panel's judgment." *Id.* Respondent instead merely points to the Fifth Circuit's erroneous outlier decision in *CFSA* and to the Supreme Court's grant of the Bureau's request that it review that decision. *See* Mot. at 4. But those facts fall well short of demonstrating that the Court is likely to "reverse th[is] Panel's judgment." *Silver*, 954 F.3d at 457.

\* \* \*

For these reasons, the Court should deny the motion.

Dated: May 8, 2023                                  Respectfully submitted,

3

/s/ Kevin E. Friedl

Seth Frotman
   *General Counsel*
Steven Y. Bressler
   *Deputy General Counsel*
Kristin Bateman
   *Assistant General Counsel*
Kevin E. Friedl
   *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
(202) 435-9268
kevin.friedl@cfpb.gov

*Counsel for Petitioner-Appellee*
*Consumer Financial Protection Bureau*

## CERTIFICATE OF COMPLIANCE

This filing complies with the type-volume limitation in Federal Rule of Appellate Procedure 27(d)(2)(A). It contains 667 words, excluding the portions exempted by Rule 32(f).

*/s/ Kevin E. Friedl*
Kevin E. Friedl
